Louisa Reich *vs.* Charles Reich and Wife.

### June 24, 1879.

**Conveyance to Wife on consideration paid by Husband.**—A conveyance made to a wife, for a valuable consideration paid by her husband, upheld as against a creditor of the husband, whose demand accrued before such conveyance, upon the ground that the conveyance is found to have been made without fraudulent intent.

Plaintiff brought this action in the district court for McLeod county, praying that certain land, the legal title to which was in the defendant Ernestina Reich, might be sold to satisfy a judgment of the plaintiff against the defendant. Charles Reich, husband of Ernestina. The action was tried before *Macdonald,* J., who ordered judgment for the defendants. A new trial was denied, and the plaintiff appealed.

*Edson & Little,* for appellant.

*A. P. Fitch* and *N. T. Hauser,* for respondents.

Berry, J. The plaintiff is a judgment creditor of Charles Reich. Prior to the recovery of the judgment, and while the

demand upon which the same was based was due and owing to the plaintiff, said Charles procured to be conveyed to the defendant, his wife, a tract of land for which he paid sixteen hundred dollars in cash, the remainder of the purchase-money, to wit, five hundred dollars, being secured by a mortgage upon the land purchased.

The complaint alleges that, for a period long prior to the conveyance above mentioned, Charles Reich was and ever since has been insolvent; that he has no property subject to execution, and that the conveyance was procured to be made as aforesaid, with intent to defraud creditors; and upon this ground the plaintiff asks that the land may be subjected to sale to satisfy her judgment. The allegations of insolvency, want of property, and fraud, are denied in the answer, and found by the court below to be "not true." In effect, then, the court finds that for a long time prior to the conveyance and the recovery of the judgment, and ever since, the judgment debtor has been solvent; that he has property subject to execution, and that the conveyance in question was not procured to be made with intent to defraud creditors. This is the end of the case. The plaintiff bases her right to the relief prayed for upon Gen. St. *c*. 43, §§ 7, 8, which in effect provide that when a grant is made to one person for a valuable consideration paid by another, a trust shall result in favor of the creditors of the person paying the consideration, unless the *prima facie* presumed fraudulent intent is disproved. In the case before us, the court having found that the conveyance in question was made without fraudulent intent, no trust results in favor of the plaintiff creditor.

It is proper to add that the findings as to solvency and property subject to execution have been referred to, because, as findings upon issues made in the pleadings, they are not inconsistent with the finding as to the absence of fraudulent intent, but rather go to support it.

Order affirmed.